Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8226 | **DATE** | 5/28/2002 |
| **CASE TITLE** | JOSEPH SAMAS vs. ANTHEM HEALTH & LIFE INSURANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 29 2002 date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SAMAS, ) | |
| ) | Case No. 01 C 8226 |
| Plaintiff, ) | |
| ) | Hon. John W. Darrah |
| v. ) | |
| ) | |
| ANTHEM HEALTH & LIFE ) | **DOCKETED** |
| INSURANCE COMPANY a/k/a ALTA ) | |
| HEALTH & LIFE INSURANCE ) | MAY 2 9 2002 |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joseph Samas ("Plaintiff"), originally filed a complaint against Defendant, Anthem Health and Life Insurance Company also known as Alta Health and Life Insurance Company ("Defendant"), in the Circuit Court of Cook County, Illinois, seeking recovery of premium payments for certain life insurance coverage. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and 29 U.S.C. § 1132(a)(1)(B) on the ground that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's amended complaint. For the reasons set forth below, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is denied.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities



in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education,* 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein,* 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

Plaintiff filed a two-count amended complaint against Defendant. Count I seeks a declaratory judgment alleging that Plaintiff converted the life insurance policy under the group insurance plan of his employer, Barton, Inc. ("the Barton Plan"). Count I further alleges that Plaintiff is completely and totally disabled under the terms of the insurance contract and that the premiums due under the insurance contract shall be waived pursuant to the terms of the contract. Count II alleges that Defendant's refusal to waive the premiums was vexatious and unreasonable under section 155 of the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/155(1) (2002). For purposes of this Motion to Dismiss, the following allegations are taken as true.

Plaintiff, at all relevant times, was a resident of Oak Forest, Illinois. At all relevant times, Defendant was a corporation authorized by the state of Illinois to provide life insurance policies.

From May 1987 until January 1996, Plaintiff was employed as an accountant with Barton,

-2-

Inc. His employee benefits included life insurance through Defendant as part of a group insurance plan ("the Barton Plan"). Around January 1996, Plaintiff became disabled with clinical depression. Due to his depression, Plaintiff became unable to work. When Plaintiff left Barton, Barton stopped paying premiums on Plaintiff's life insurance.

Plaintiff paid the premiums in order to continue the policy as an individual policy. The Barton Plan provides that "[i]f You become Totally Disabled while You are covered under this Group Policy, the Waiver of Premium benefit may apply to You. If You qualify for the Waiver of Premium benefit, your Life Insurance will be continued without payment of premiums for as long as You continue to qualify." (Compl. Ex. A.) Plaintiff requested the Waiver of Premium benefit when he left Barton.

On November 1, 2000 or April 29, 2001, Defendant denied Plaintiff's request and refused to waive premiums based on its opinion that Plaintiff is not totally and continuously disabled from all occupations.

## DISCUSSION

Defendant moves to dismiss the amended complaint, arguing that ERISA provides the exclusive remedy for participants and beneficiaries seeking to enforce their rights under an employee benefit plan and bars Plaintiff's amended state law claims for declaratory judgment and vexatious and unreasonable denial of benefits under the Barton Plan.

ERISA provides that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a) (2002). The phrase "relates to" means that there is "'a connection with

or reference to [an employee benefit] plan.'" *Klosterman v. W. Gen. Mgmt.*, 805 F. Supp. 570, 573 (N.D. Ill. 1992) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (citation omitted)). ERISA's preemption clause was enacted to ensure uniformity in the law. *Klosterman*, 805 F. Supp. at 572.

Briefing by the parties reveals that the circuits that have dealt with this issue of whether ERISA preempts state law actions based on converted insurance policies. *See, e.g., Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 877 (9th Cir. 2001) (holding a converted policy is not subject to ERISA and state law claims were not preempted); *Demars v. CIGNA Corp.*, 173 F.3d 443 (1st Cir. 1999) (same); *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436 (8th Cir. 1997) (holding state law claims under a converted policy are preempted by ERISA because the converted policy resulted from the exercise of a right under an ERISA plan); *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1346 (11th Cir. 1994) (holding ERISA preempted state law claims under a converted policy because the ability to obtain the converted policy arose from an ERISA plan and the converted policy was integrally linked with the ERISA plan).

A careful reading of these cases shows that federal courts have used three different analyses in deciding if ERISA preempts state law actions under a converted policy. One analysis looks to the purposes of ERISA to determine whether they are served by preemption. *See Waks*, 263 F.3d at 875; *Demars*, 173 F.3d at 446. The purposes of ERISA are to protect employees and employers by preventing mismanagement of funds by employers and ensuring uniform regulation of employee benefit plans. *Demars*, 173 F.3d at 446. Under this approach, the purposes of ERISA are not implicated by converted policies because (1) there is no fear of mismanagement of funds because the employer no longer controls them and (2) there is no fear of inconsistent regulation of employers

because employers do not bear any financial or administrative responsibility for the converted policies. *Demars*, 173 F.3d at 446.

Another analysis focuses on the language of ERISA, which provides, as was discussed above, that ERISA preempts state laws that relate to employee benefit plans. Under this approach, the converted policy *relates to* the employee benefit plan because the converted policy comes into being as a result of the exercise of the right to convert under the employee benefit plan (emphasis added). *Painter*, 121 F.3d at 439-40; *Glass*, 33 F.3d at 1347. However, the Eleventh Circuit did not reach the issue of "whether conversion of a policy might defeat ERISA coverage in other circumstances". *Glass*, 33 F.3d at 1346-47.

Finally, a third analysis considers the stage of the policy *vis-a-vis* conversion to determine whether the ERISA preemption applies. *See Mimbs v. Commercial Life Ins. Co.*, 818 F. Supp. 1556 (S.D. Ga. 1993). Under this approach, while ERISA preempts any state law action arising from the right to convert to an individual policy, ERISA does not preempt any state law action arising under the policy once converted. *Mimbs*, 818 F. Supp. at 1562 ("[O]nce conversion has occurred and the policy is in force, there is no longer any 'integral connection' between the individual conversion policy and the ERISA plan that gave rise to the right to convert."). The *Mimbs* court reasoned that this was so because "[t]he concerns behind ERISA pre-emption are not implicated by state-law claims arising from obligations incurred under the conversion policy itself." 818 F. Supp. at 1562.

The Seventh Circuit has not yet reached the issue of whether a converted policy "relates to" and, therefore, is governed by ERISA. However, several courts in this district have addressed the issue. *See Mays v. Unum Life Ins. Co. of Am.*, No. 95 C 1168, 1995 WL 317102, at *3 (N.D. Ill. May 23, 1995) (holding ERISA preempted state law actions for breach of contract and vexatious

delay because insured was only able to convert to an individual policy due to employee benefit plan) (collecting cases); *Shah v. Conn. Gen. Life Ins. Co.*, No. 92 C 6888, 1993 WL 376131, at *2 (N.D. Ill. Sept. 22, 1993) (holding that ERISA preempted the plaintiff's state law claims because the conversion is a benefit of the group insurance plan and the plaintiff was a former employee who became eligible to receive that benefit); *Klosterman*, 805 F. Supp. at 574 (holding ERISA preempted state law actions for breach of contract and vexatious delay because insured was only able to convert to an individual policy due to employee benefit plan). Furthermore, in *Mays*, the court held that conversion coverage "related to" an employee benefit plan because the employee benefit plan dictated the terms and validity of the converted policy. 1995 WL 317102, at *4.

In this case, whether Plaintiff has converted to an individual policy (post-conversion) or is in the process of doing so (pre-conversion) is a factual question. Defendant denies Plaintiff's allegation that he has converted life insurance benefits provided under the Barton Plan to an individual policy. (Alta Health & Life Ins. Co. Mem. Supp. Mot. Dismiss at 4 n.1.) Dismissal of Plaintiff's state law claims at this stage of the proceedings would be inappropriate given the factual issue of whether Plaintiff has converted the group policy or is in the process of doing so. Moreover, dismissal would foreclose resolution of the issue on one of the three possible approaches set out above. Therefore, a motion for summary judgment may be an appropriate method for determining whether ERISA preempts Plaintiff's state law claims.

A determination of which of the above analyses best furthers Congress's intent as to the proper scope of ERISA preemption requires further factual development. Plaintiff's complaint contains sufficient factual averments to adequately state claims upon which relief can be granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is denied.

**IT IS SO ORDERED.**

_____
John W. Darrah, Judge
United States District Court

Date: May 28, 2002